IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30066 |
| | ) | |
| KENNETH JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

On May 28, 2008, the Court appointed the Federal Public Defender's Office to assist Defendant Jackson in filing a motion for reduction of sentence based on the retroactive Amendment to the Sentencing Guideline range regarding crack cocaine sentencing.  The Federal Public Defender's Office has now filed a Motion to Withdraw as Counsel (d/e 29).

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the

1

> Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2007, Amendment 706 to the United States Sentencing Guidelines reduced the base offense level for most cocaine base offenses. U.S.S.G. § 2D1.1(c). Effective March 3, 2008, the Sentencing Commission amended U.S.S.G. § 1B1.10 to allow Amendment 706 to be applied retroactively. However, Application Note 4(A) to U.S.S.G. § 1B1.10 states that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." See also United States v. Lucas, 2008 WL 2857195, at *2 (N.D. Iowa July 23, 2008); United States v. Flintroy, 2008 WL 3884345, at *1-2 (W.D. La. July 16, 2008); United States v. Cutler, 2008 WL 961211, at *2 (S.D. Ill. April 8, 2008).

On February 10, 2006, the Defendant was sentenced by this Court to a sentence of 24 months imprisonment and 3 years supervised release based on a conviction for aiding and abetting the distribution of cocaine base.

Defendant was released from imprisonment and began his term of supervised release on April 11, 2007. On April 14, 2008, the Court found him guilty of violating the conditions of his supervised release and sentenced him to 21 months imprisonment to run consecutive to his sentence in case 07-30092. Defendant is currently serving that sentence.

Because Defendant currently is serving a term of imprisonment imposed upon revocation of supervised release, not a term of imprisonment imposed as part of the original sentence, the Federal Public Defender's Office has concluded that Defendant does not qualify for a sentence reduction and has moved to withdraw.

THEREFORE, the Federal Defender's Motion to Withdraw as Counsel (d/e 29) is ALLOWED. Defendant is allowed to pursue this matter *pro se.* Defendant shall file with this Court no later than October 24, 2008, a pleading that either: (a) concedes that the Amendment does not apply, or (b) explains why the Amendment applies in spite of the fact that he is serving a term of imprisonment imposed on revocation of supervised release.

IT IS THEREFORE SO ORDERED.

ENTER: September 23, 2008

    FOR THE COURT:

                                    s/ Jeanne E. Scott
                                    JEANNE E. SCOTT
                          UNITED STATES DISTRICT JUDGE